**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-1554**

MICHAEL PENSE,

> Plaintiff – Appellee,

>> v.

MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,

> Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:17-cv-01791-PWG)

Argued: January 29, 2019                                    Decided: June 11, 2019

Before MOTZ, KING, and WYNN, Circuit Judges.

Reversed and remanded by published opinion. Judge King wrote the opinion, in which Judge Motz and Judge Wynn joined.

**ARGUED:** Jennifer L. Katz, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellant. Susan L. Kruger, ALAN LESCHT & ASSOCIATES, P.C., Washington, D.C., for Appellee. **ON BRIEF:** Brian E. Frosh, Attorney General, James N. Lewis, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellant.

KING, Circuit Judge:

This appeal and ongoing proceedings in the District of Maryland concern the state and federal employment discrimination claims of plaintiff Michael Pense, a former employee of the defendant Maryland Department of Public Safety and Correctional Services. Pertinent here, the Department has asserted that the Eleventh Amendment renders it immune from suit in federal court with respect to two state claims, each pursued under Maryland's Fair Employment Practices Act (the "FEPA"). Consistent with previous District of Maryland rulings, however, the district court rejected the Department's assertion of Eleventh Amendment immunity on the premise that the State waived such immunity. *See Pense v. Md. Dep't of Pub. Safety & Corr. Servs.*, No. 8:17-cv-01791 (D. Md. Apr. 30, 2018), ECF No. 19 (the "Immunity Decision"). The Department brought this appeal, seeking interlocutory review of the Immunity Decision. As explained below, in an exercise of our jurisdiction pursuant to the collateral order doctrine, we conclude that the State has not waived the protection of the Eleventh Amendment, and we therefore reverse and remand for the dismissal without prejudice of Pense's FEPA claims.

I.

According to the operative Amended Complaint of November 3, 2017, Pense was an employee of the Maryland Department of Public Safety and Correctional Services for seventeen years. The Amended Complaint explains that, in April 2015, a female Department employee falsely accused Pense of sexual harassment. During an

2

investigatory interview in June 2015, Pense disclosed to the Department that he is gay and HIV positive. Two hours later, the Department placed Pense on administrative leave. Within two weeks, and despite having determined that the female employee's sexual harassment allegation could not be sustained, the Department fired Pense. The state claims relevant to this appeal — the FEPA claims — relate Pense's discharge to sexual orientation discrimination (Count 2 of the Amended Complaint) and disability discrimination (Count 5).*

On November 20, 2017, the Department moved to dismiss the FEPA claims on Eleventh Amendment immunity grounds. By its Immunity Decision of April 30, 2018, the district court denied the Department's dismissal motion, relying on a line of prior District of Maryland decisions concluding that the State, through a statutory consent to suit provision, has waived sovereign immunity as to FEPA claims in the state and federal courts.

On May 11, 2018, the Department noted its appeal from the Immunity Decision, invoking this Court's jurisdiction under the collateral order doctrine. Three days later, on May 14, 2018, the Department filed a motion in the district court to stay that court's proceedings pending our decision and mandate. Pense opposed the stay request, contending that the district court could and should continue to actively entertain his

---

* In addition to the FEPA claims, the Amended Complaint alleges a federal disability discrimination claim under the Rehabilitation Act of 1973 (Count 4) that remains pending in the district court. Other claims (Counts 1, 3, 6, and 7) have been dismissed.

3

claims because the Department's appeal is frivolous for lack of appellate jurisdiction. The district court rejected Pense's jurisdictional contention and entered a stay. *See Pense v. Md. Dep't of Pub. Safety & Corr. Servs.*, No. 8:17-cv-01791 (D. Md. July 26, 2018), ECF No. 27 (the "Stay Order"). Notably, the Stay Order divulged that, since issuing the Immunity Decision, the district court had "uncovered authority not previously cited" by the Department suggesting that the State "has a strong argument in support of not having waived [Eleventh Amendment] immunity." *Id.* at 2, 4.

## II.

It is firmly established that we possess jurisdiction for this interlocutory review of the Immunity Decision pursuant to the collateral order doctrine. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) ("We hold that States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."); *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 247 (4th Cir. 2012) ("We possess jurisdiction under the collateral order doctrine to review a denial of Eleventh Amendment immunity, in that such a ruling is deemed a final decision under 28 U.S.C. § 1291."). Our review of the Immunity Decision is de novo. *See Harter v. Vernon*, 101 F.3d 334, 336-37 (4th Cir. 1996) ("We review questions of the applicability of Eleventh Amendment immunity *de novo*.").

4

A.

The Eleventh Amendment provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." By "draw[ing] upon principles of sovereign immunity," the Supreme Court has "construe[d] the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (internal quotation marks omitted). The Court has also recognized that the States' Eleventh Amendment immunity may extend to "state agents and state instrumentalities." *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

As the Supreme Court has explained, "[t]he Eleventh Amendment bar to suit is not absolute." *See Feeney*, 495 U.S. at 304. Pertinent here, "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court." *See Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). Such a waiver may be accomplished through a state statute, but only if the statute "specif[ies] the State's intention to subject itself to suit in *federal court*." *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). That is, *Atascadero* sets forth a "stringent" test for finding a waiver of Eleventh Amendment immunity that requires "a clear declaration that [the State] intends to submit itself to [federal court] jurisdiction." *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999) (internal quotation marks omitted); *see also Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018)

5

("As the Supreme Court has made clear, a State must *expressly* consent to suit *in federal court* to waive its immunity under the Eleventh Amendment."), *cert. granted*, No. 18-877 (U.S. June 3, 2019).

Consequently, "[a]lthough a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment." *See Atascadero*, 473 U.S. at 241. In other words, "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *See Coll. Sav. Bank*, 527 U.S. at 676. Rather, a State waives its "Eleventh Amendment immunity 'only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *See Feeney*, 495 U.S. at 305 (alteration in original) (quoting *Atascadero*, 473 U.S. at 239-40).

The *Feeney* Court's application of the foregoing principles is instructive. In *Feeney*, a state statute of New York and of New Jersey expressly and in expansive terms consented to suit against the Port of New York Authority — but did not consent to suit specifically in federal court. Because the "broadly framed provision" thereby may have "reflect[ed] only a State's consent to suit in its own courts," the *Feeney* Court ruled that, "standing alone," the provision was "insufficient to waive Eleventh Amendment immunity." *See* 495 U.S. at 306. The Court went on, however, to consider a separate venue statute specifying that New York's and New Jersey's consent to suit was conditioned on suit being brought in a state court or a federal court situated within the Port of New York district. The Court concluded that the "venue provision suffice[d] to

6

resolve any ambiguity contained in the States' general consent to suit provision by expressly indicating that the States' consent to suit extend[ed] to suit in federal court." *Id.* at 307-09 (summarizing "that the statutory consent to suit provision, elucidated by the venue provision, establishe[d] the States' waiver of ... Eleventh Amendment immunity").

B.

Here, the question is whether the State of Maryland, through a statutory consent to suit provision, has waived its Eleventh Amendment immunity as to plaintiff Pense's FEPA claims. Pense does not dispute that such immunity, if not waived, extends to the defendant Maryland Department of Public Safety and Correctional Services "as a principal department of the State government." *See* Md. Code Ann., Corr. Servs. § 2-101.

The statutory consent to suit provision applicable to claims under the FEPA, *see* Md. Code Ann., State Gov't § 20-601 *et seq.*, provides in full as follows:

> The State, its officers, and its units may not raise sovereign immunity as a defense against an award in an employment discrimination case under this title.

*Id.* § 20-903. A separate venue provision states that a FEPA action "shall be filed in the circuit court for the county where the alleged unlawful employment practice occurred." *Id.* § 20-1013(b).

Simply put, because the consent to suit provision does not "specify the State's intention to subject itself to suit in *federal court*," that provision cannot be read to waive the State's Eleventh Amendment immunity. *See Atascadero*, 473 U.S. at 241. Moreover,

7

neither the venue provision nor any other statute "expressly indicat[es] that the State['s] consent to suit extends to suit in federal court." *See Feeney*, 495 U.S. at 307. Indeed, the Department relies on the venue provision — and its reference to solely "the circuit court for the county where the alleged unlawful employment practice occurred" — as evidence that the State's statutory waiver of sovereign immunity is unambiguously limited to suit in state court. We, however, need only decide this: In the absence of the State's "*express*[] consent to suit *in federal court*," the Department is entitled to the protection of the Eleventh Amendment with respect to Pense's FEPA claims. *See Allen*, 895 F.3d at 347.

## C.

For its contrary Immunity Decision, the district court relied on the line of District of Maryland rulings that the State, through the statutory consent to suit provision (Md. Code Ann., State Gov't § 20-903), has waived sovereign immunity as to FEPA claims in both state and federal courts. Those rulings are exemplified by *Royster v. Gahler*, principally reasoning that — because other Maryland consent to suit provisions expressly limit the waiver of sovereign immunity to suit in state court — the lack of such an express limitation in section 20-903 indicates that its waiver extends to suit in federal court. *See* 154 F. Supp. 3d 206, 216-17 (D. Md. 2015) (citing, e.g., Md. Code Ann., State Gov't § 12-104(a)(1) (waiving sovereign immunity "as to a tort action, in a court of the State"); *id.* § 12-201(a) (waiving "sovereign immunity in a contract action, in a court of the State")). As *Royster* explained, "[t]he Maryland legislature knows how to limit its

8

waiver of sovereign immunity [to suit in state court]; it has simply chosen not to do so in the context of [FEPA] cases." *Id.* at 217 (internal quotation marks omitted).

Of course, the reasoning of *Royster* and similar District of Maryland rulings is foreclosed by *Atascadero* and other longstanding precedent of the Supreme Court. Again, that precedent imposes a "stringent" test for finding a waiver of Eleventh Amendment immunity that requires "a clear declaration that [the State] intends to submit itself to [federal court] jurisdiction." *See Coll. Sav. Bank*, 527 U.S. at 675-76 (internal quotation marks omitted). The failure of section 20-903 to satisfy the Supreme Court's stringent test has become apparent even to the district court, which, after issuing its Immunity Decision, conceded in its Stay Order that the State "has a strong argument in support of not having waived [Eleventh Amendment] immunity, given that [section 20-903] does not expressly waive immunity to suit *in federal court*." *See* Stay Order 4.

D.

For his part, plaintiff Pense contends that section 20-903 waives Eleventh Amendment immunity under this Court's 2012 decision in *Lee-Thomas*. There, we assessed whether a different Maryland statute, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-518(c), effectuated a waiver of Eleventh Amendment immunity. At the time of our decision, section 5-518(c) simply provided that "[a] county board of education may not raise the defense of sovereign immunity to any claim of $100,000 or less." Nevertheless, we concluded that section 5-518(c) constituted a consent to suit in the state and federal courts, based on a decision of the Court of Appeals of Maryland so holding upon its own application of the Supreme Court's stringent test. We explained:

9

> [W]here a state's highest court has applied the *Atascadero* stringent test and carefully scrutinized state law to determine whether a state statute effects a waiver of Eleventh Amendment immunity, a federal court is obliged . . . to defer to that state court decision. Indeed, we should defer to the decision of the state's highest court even when the statute, on its face, does not appear to pass the stringent test, because the whole point of that test, requiring a clear declaration *by the State* of its waiver, is to be certain that the State in fact consents to suit.

*See Lee-Thomas*, 666 F.3d at 251 (internal quotation marks omitted).

Significantly, Pense seeks to rely on *Lee-Thomas* without a controlling Maryland decision specific to section 20-903. In the circumstances, Pense is left to argue that we should defer to the Court of Appeals of Maryland's analysis of section 5-518(c) and rule that section 20-903 similarly waives Eleventh Amendment immunity. As we emphasized in *Lee-Thomas*, however, "in the absence of a construction of the relevant state statute by the state's highest court," we must "examine and decide the state law issue independently" by applying the *Atascadero* stringent test ourselves. *See Lee-Thomas*, 666 F.3d at 251. And having fulfilled our duty to apply that test, we are constrained to conclude that section 20-903 does not constitute a consent to suit in federal court.

III.

Pursuant to the foregoing, we reverse the district court's denial of Eleventh Amendment immunity and remand for the dismissal without prejudice of Pense's FEPA claims, as well as such other and further proceedings as may be appropriate.

*REVERSED AND REMANDED*

10