**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1413
_____

CHRISTOPHER W. LIVINGSTON,

        Plaintiff - Appellant,

    v.

THE NORTH CAROLINA STATE BAR; SUSANNAH B. COX; KATHERINE E. JEAN,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers II, Chief District Judge.  (7:21-cv-00115-M)

_____

Submitted:  June 22, 2023                                   Decided:  June 27, 2023

_____

Before HARRIS and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and affirmed as modified in part by unpublished per curiam opinion.

_____

Christopher Wyatt Livingston, Appellant Pro Se.  David Richard Johnson, NORTH CAROLINA STATE BAR, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Wyatt Livingston appeals the district court's order adopting the magistrate judge's recommendation and dismissing Livingston's amended complaint against the North Carolina State Bar ("NCSB") and two of its attorneys. The magistrate judge recommended that the court dismiss Livingston's federal claims against the NCSB and the attorneys in their official capacities because those claims are barred by Eleventh Amendment immunity. The magistrate judge further recommended that the court dismiss Livingston's federal claims against the attorneys in their individual capacities because the attorneys are entitled to prosecutorial immunity. Finally, the magistrate judge recommended that the court decline to exercise supplemental jurisdiction over Livingston's state-law claims. Livingston objected, arguing that the attorneys were not functioning in a prosecutorial capacity. The district court overruled this objection and another objection that had no bearing on the magistrate judge's recommendation, adopted the magistrate judge's recommendation in full, granted Defendants' motion to dismiss, and declined to exercise supplemental jurisdiction over the state-law claims. We affirm in part and affirm as modified in part.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Here, after being advised of the consequences of noncompliance, Livingston failed to object to the magistrate judge's

2

recommendation that the court dismiss Livingston's federal claims against the NCSB and the attorneys in their official capacities as barred by Eleventh Amendment immunity. *See Martin*, 858 F.3d at 245 ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." (internal quotation marks omitted)). Livingston has therefore forfeited appellate review of the dismissal of those claims. However, because a dismissal based on Eleventh Amendment immunity should be without prejudice, *see Pense v. Md. Dep't of Pub. Safety & Corr. Servs.*, 926 F.3d 97, 99, 103 (4th Cir. 2019), we affirm as modified to reflect that the dismissal of Livingston's federal claims against the NCSB and the attorneys in their official capacities is without prejudice.

As for the remainder of the district court's order, we find no reversible error and affirm. *Livingston v. N.C. State Bar*, No. 7:21-cv-00115-M (E.D.N.C. Mar. 13, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*AFFIRMED AS MODIFIED IN PART*

3